# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1622V
Filed: March 3, 2023

| | |
|---|---|
| YASHICA TUTTLE and MARCUS HAIRSTON, *on behalf of their minor daughter, M.H.*, | UNPUBLISHED |
| Petitioners, | Decision on Entitlement; Dismissal of Petition; Vaccine Act. |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## DECISION DISMISSING PETITION[1]

### I.   Procedural History

On November 17, 2020, Yashica Tuttle and Marcus Hairston ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") on behalf of their minor daughter, M.H., alleging that M.H. suffered from Guillain-Barré syndrome ("GBS"), neuromyelitis optica, and demyelination type symptoms as a result of the influenza ("flu") vaccine M.H. received on November 10, 2017. ECF No. 1.

---

[1] This Decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided in 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. To do so, each party may, within 14 days, request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, this Decision will be available to the public in its present form. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On August 30, 2021, Respondent filed his Rule 4(c) report arguing that Petitioners' case is not appropriate for compensation. ECF No. 21 at 2. On January 28, 2022, Petitioners moved to stay these proceedings pending the outcome of a review of M.H.'s case by Cedars-Sinai Hospital. ECF No. 25 at 1. Respondent did not oppose a stay. *Id.* at 3. I held a status conference with the parties on February 15, 2022, at which I informed Petitioners that I would prefer to receive updates every 60 days. I denied the motion to stay and ordered Petitioners to file a status report with an update by April 18, 2022. ECF No. 26.

On April 18, 2022, Petitioners filed a motion for extension in which they indicated that they were reaching out to potential experts to bolster their case. ECF No. 27 at 1. I gave Petitioners until August 15, 2022, to file an expert report or a status report with an update on their progress in obtaining one. On August 11, 2022, Petitioners filed a second motion for extension in which they indicated that they had retained an expert and that the expert needed additional time to review the record and provide an opinion. ECF No. 28. I gave Petitioners until December 15, 2022, to file an expert report or a status report with an update on their progress in obtaining one. On December 16, 2022, Petitioner filed a third motion for extension in which they indicated that their expert required more time to complete his report. ECF No. 29. I gave Petitioners until February 15, 2023, to file an expert report or a status report with an update on their progress in obtaining one.

On March 3, 2023, Petitioners filed a motion for a decision dismissing their petition. ECF No. 34. In it, Petitioners state that

> [a]n investigation of the facts and science supporting their case, along with conversations with qualified experts, has demonstrated to petitioners that they will require additional testing in order to prove that they are entitled to compensation in the Vaccine Program and that such testing is unlikely to be available in a reasonable period of time. In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program.

*Id.* at 1.

## II.  Conclusion

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioners to meet their burden of proof. Petitioners' claim therefore cannot succeed and, in accordance with their motion, must be dismissed. Section 11(c)(1)(A).

As such, **IT IS ORDERED THAT,**

Petitioners' petition is hereby **DISMISSED. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.